**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BATON ROUGE DIVISION**

| | |
|---|---|
| **JOSEPH E. LONDON** | **DOCKET NO.:** |
| **VERSUS** | **JUDGE** _____ |
| **SENTRY SELECT INSURANCE COMPANY, STINGRAY LOGISTICS, INC., DALE R. WHIPKEY and GOAUTO INSURANCE COMPANY** | **MAGISTRATE** _____ |

*******************************************************************************************

**DEFENDANTS' JOINT NOTICE OF
AND CONSENT FOR REMOVAL OF ACTION**

*******************************************************************************************

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:

Sentry Select Insurance Company (Sentry), StingRay Logistics, Inc. (StingRay), Dale R. Whipkey (Whipkey), and GoAuto Insurance Company (GoAuto), defendants in the above captioned case, appearing herein through their respective undersigned counsel, with full reservation of all defenses, objections, and rights, respectfully represent the following:

1.

On November 9, 2017, a Petition for Damages was filed by Joseph E. London, in the 18th Judicial District Court for the Parish of Iberville, bearing Docket No. 77419 C. A copy of the Petition for Damages filed with the 18th Judicial District Court, along with the entire state court suit record, is attached to the Notice of Filing and Certificate of Removing Defendants as Exhibit A.

## **FEDERAL JURISDICTION**

### **Removal Pursuant to 28 U.S.C. §1332**

2.

This civil action is a matter over which this Court has original jurisdiction by virtue of Diversity of Citizenship (28 USC §1332) and is one which may be removed to this Court under the provisions of 28 USC §1441 et seq., in that it is a civil action wherein diversity of citizenship exists between the plaintiffs and all *properly* joined defendants, with the requisite amount in controversy being present for the claims of Joseph London.

### **Complete Diversity Exists as to All *Properly* Joined Parties**

3.

According to the Petition, the plaintiff, Joseph London, is domiciled in East Baton Rouge Parish and is a citizen of the State of Louisiana.

4.

Defendant Sentry Select Insurance Company is a corporate entity of the State of Wisconsin, where it is both incorporated and maintains its principal place of business. Sentry Select Insurance Company was served with the state court Petition through the Louisiana Secretary of State's office on November 20, 2017.

5.

Defendant StingRay Logistics, Inc. is a corporate entity of the state of Florida where it maintains its principal place of business. Service of the state court suit was made on its agent for service in Florida through the Louisiana Long-arm Statute, La. R. S. 13:3201, 13:3204 on or around December 21, 2017.

6.

Defendant Dale R. Whipkey is a citizen of the state of Florida. Service of the state court suit was made through the Louisiana Long-arm Statute, La. R. S. 13:3201, 13:3204 on or around December 21, 2017.

**GoAuto is a Non-Diverse Defendant that has been Improperly Joined**

7.

Defendant GoAuto Insurance Company is a corporate entity of the State of Louisiana, where it is both incorporated and maintains its principal place of business. GoAuto was served with the state court Petition through its agent for service on November 17, 2017. However, for the reasons elaborated upon more fully below, GoAuto has been "improperly joined" to this action, such that its citizenship can be disregarded for purposes of determining diversity jurisdiction.

8.

The United States Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Smallwood v. Central Railroad Co., 385 F.3d 568, 573 (5th Cir. 2004) (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003). As to the second method, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood, supra, at p.573. See also, the

very recently decided matter of <u>Williams v. Biomet Orthopedics, LLC</u>, CV 16-795-BAJ-EWD, 2017 WL 3713529, at 3 (M.D. La. Mar. 31, 2017), <u>report and recommendation adopted,</u> CV 16-00795-BAJ-EWD, 2017 WL 4176480 (M.D. La. Sept. 21, 2017), in which Judge Wilder-Doomes adopted and applied the <u>Smallwood</u> standard.  A copy of the <u>Williams</u> case is attached for the Court's easy reference as Exhibit B.

9.

The plaintiff's Petition for Damages alleges that GoAuto provided uninsured/under insured motorist (UM/UIM) to the plaintiff through a certain policy of insurance issued to a Mr. Tyler Garrett.   See Petition, arts. 8-9.   However, in its Answer to the plaintiff's Petition for Damages, GoAuto has clearly shown that there is no reasonable basis for the district court to "predict that the plaintiff might be able to recover" from GoAuto.  See <u>Smallwood</u>, supra.  GoAuto's Answer, filed March 2, 2018, which is included within the complete suit record attached as Exhibit A.

More specifically, prior to the subject accident, GoAuto issued a liability insurance policy (Policy No. 384122) to Mr. Tyler Garrett which listed an *unrelated* 2015 Chevrolet Camaro as the covered vehicle (Mr. London was operating a 1998 Chevrolet Monte Carlo at the time of the subject accident). However, at the time that the subject accident occurred on November 30, 2016, that policy had been canceled for nonpayment of premiums.  Even more fundamentally, even when the policy was in effect it provided no UM coverage because of a valid UM rejection executed in conformity with LA RS 22:1295.  Additionally, Mr. Joseph London was an excluded driver under the GoAuto policy. Please find attached an affidavit (Exhibit F) from

GoAuto representative, Ms. Kim McCloud, which supports the foregoing. For all of these reasons, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against GoAuto.

10.

The GoAuto Answer further discloses that Mr. Joseph London himself executed a UM rejection form for a separate policy of insurance, bearing policy number 268158 (further identified as the "Valencia London policy"). A certified copy of the UM rejection form signed by Mr. Joseph London regarding the Valencia London policy is attached hereto as "Exhibit C." Please see attached the aforementioned affidavit (Exhibit F) from GoAuto representative, Ms. Kim McCloud, which also supports the foregoing.

11.

The United States Fifth Circuit Court of Appeals has long recognized that a non-diverse defendant should be dismissed on account of improper joinder when, as here, it is demonstrated that plaintiff has failed to establish a valid cause of action against the non-diverse party. Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir.2006) (quoting Travis v. Irby, 326 F.3d 644, 646- 47 (5th Cir .2003). It is clear that there is "no possibility of recovery" by the plaintiff against GoAuto. As such, GoAuto is entitled to dismissal from this suit, and its presence in the suit at this time presents no impediment to proper removal of this action. Complete diversity exists between all real parties in interest.

**The Requisite Amount in Controversy Has Now Been Established**

12.

On its face, the plaintiff's Petition does not affirmatively reveal whether or not the plaintiff's damages are in excess of the required jurisdictional amount of $75,000.00, exclusive of interest and costs. The petition made only general allegations to the effect that Mr. London "has sustained damages including, but not limited to, pain and suffering, mental anguish and suffering, loss of enjoyment of life, medical expenses, and any and all other damages that may be proven at the trial of this matter." See Petition, art. 10. The jurisprudence of this Honorable Court makes it clear that these types of general allegations, without any substantive documentation of the actual damages, are insufficient to premise removal of an action. Henderson v. J.C. Penny Corp., Inc., CIV.A. 12-691-SDD, 2013 WL 4039407, at 3 (M.D. La. Aug. 7, 2013) (decided by Judge Bourgeois); Daniel v. Lowe's Home Centers, L.L.C., CV 16-374-JWD-RLB, 2016 WL 6562073, at 3–4 (M.D. La. Oct. 11, 2016), report and recommendation adopted, CV 16-374-JWD-RLB, 2016 WL 6561565 (M.D. La. Nov. 3, 2016) (also decided by Judge Bourgeois).

13.

Furthermore, Mr. London did not include suit allegations to establish "the lack of jurisdiction of federal courts due to the insufficiency of damages" as is specifically allowed by La. Code Civil Procedure article 893 A(1). As such, the suit served upon the defendants was not initially removable. Please see: Williams v. Brand Energy & Infrastructure Services, Inc., CV 16-00120-SDD-EWD, 2016 WL 3977259, at 3 (M.D.

La. June 9, 2016), report and recommendation adopted, CV 16-120-SDD-EWD, 2016 WL 3951392 (M.D. La. July 21, 2016) (decided by Judge Wilder-Doomes).

14.

In order to determine the potential damages exposure in this case, the defendants Whipkey, Stingray, and Sentry propounded written discovery, including Interrogatories, Requests for Production of Documents, and a Request for Admission to the plaintiff on December 12, 2017.

15.

On February 22, 2018, plaintiff's counsel faxed to defense counsel the plaintiff's Answers to Interrogatories, Response to Request for Production, and Response to Request for Admission.  A copy of the discovery responses faxed on that date are attached in globo as "Exhibit D."  No actual medical information was sent with the faxed copies of the discovery responses.  Instead, medical records were placed onto a disc and mailed to defense counsel.  The disc containing the medical information was received by counsel for Whipkey, Stingray, and Sentry on February 27, 2018.

16.

Based upon the medical records first received on February 27, 2018, [and also upon additional medical records which have subsequently been obtained by use of medical authorizations provided with the plaintiff's discovery responses], the following summary of the medical evidence on Mr. London's alleged injuries can now be provided:

--Mr. London complains of pain in his right leg, neck, back, left shoulder, right and left wrist, right hip, right ankle and right knee along with experiencing headaches.

--The plaintiff underwent cervical and lumbar MRIs on January 24, 2017. The cervical MRI revealed a disc herniation at C4, a disc bulge at C5 and C6 lateralizing more to the right side, and facet arthropathy at C4, C5 and C6.  The plaintiff's lumbar MRI scan shows facet arthropathy at L3, L4 and L5.

--The plaintiff underwent a lumbar dorsal medial branch block at L3-4, L4-5, L5-S1 on 4/10/17 as well as a lumbar dorsal medial branch radiofrequency ablation at L3-4, L4-5, L5-S1 on 5/8/17.

--It is the opinion of the plaintiff's treating physician, Dr. Anthony Ioppolo, that more probably than not, the subject accident is the cause of the plaintiff's cervical pain and lumbar pain both with radiculopathy.

The specific medical records that establish the synopsis set forth above are attached hereto in globo as "Exhibit E"

17.

The aforementioned medical treatment clearly evidences that general and special damages will exceed $75,000.00. Please see the medical records outlined above as Exhibit E.

18.

Further, in responding to Requests for Admissions propounded by Sentry, StingRay, and Mr. Dale Whipkey, the plaintiff neither admitted nor denied that his

damages would not exceed the required jurisdictional amount of $75,000.00. As such, the plaintiff has not availed himself of the procedural means afforded him to have made this case non-removable. Please see: <u>Williams v. Brand Energy & Infrastructure Services, Inc.</u>, CV 16-00120-SDD-EWD, 2016 WL 3977259, at 3 (M.D. La. June 9, 2016), report and recommendation adopted, CV 16-120-SDD-EWD, 2016 WL 3951392 (M.D. La. July 21, 2016) (decided by Judge Wilder-Doomes).

19.

It is well established that a plaintiff's action may become removable during its first year if defendants receive "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that federal jurisdiction exists. <u>Henderson v. J.C. Penny Corp., Inc.</u>, CIV.A. 12-691-SDD, 2013 WL 4039407, at *3 (M.D. La. Aug. 7, 2013). In this case, no "other paper" indicating the nature of the injuries and value of the case was received until the defense first received the disc containing the medical records on February 28, 2018. At that point, the matter became properly removable, such that this removal is being timely filed under the provisions of 28 USC 1446 B(3).

**Venue**

20.

The plaintiff filed this lawsuit in the 18th Judicial District for Iberville Parish. Thus, venue in this District is proper under 28 U.S.C. §1441(a), as it is the "District Court of the United States for the district and division embracing the place" where the original lawsuit is pending.

21.

Pursuant to 28 U.S.C. 1446(b)(2)(A), as shown by the signatures of their respective attorneys below, all defendants have joined in and/or consented to Removal of this action.

WHEREFORE, defendants Sentry Select Insurance Company, StingRay Logistics, Inc., Dale R. Whipkey, and GoAuto Insurance Company, do hereby remove the above captioned case to the United States District Court for the Middle District of Louisiana.

Respectfully submitted:

**RABALAIS & HEBERT**

s/ Steven B. Rabalais

_____
**STEVEN B. RABALAIS (#17100) T.A.**
**BLAKE COUVILLION (#37443)**
701 Robley Drive, Suite 210
Lafayette, LA  70503
Telephone:  (337) 981-0309
Fax:  (337) 981-0905
**ATTORNEYS FOR DEFENDANTS FOR SENTRY SELECT INSURANCE COMPANY, STINGRAY LOGISTICS, INC., AND DALE WHIPKEY**


s/ Chase Tettleton

_____
**CHASE TETTLETON (#32721)**
Babcock Partners, LLC
10101 Siegen Lane, Suite 3C
Baton Rouge, LA.  70810
**ATTORNEY FOR GOAUTO**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has this day been forwarded as follows:

| --- | U.S. Mail (First Class) |
|---|---|
| --- | Hand Delivery |
| --- | Facsimile |
| --- | Overnight Delivery |
| X | E-Mail – All Known Counsel |

Lafayette, Louisiana on this 21th day of March, 2018.

s/ Steven B. Rabalais

_____
**STEVEN B. RABALAIS**
**BLAKE COUVILLION**