UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH LONDON** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-319-JWD-RLB** |
| **SENTRY SELECT INSURANCE COMPANY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 3, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH LONDON | CIVIL ACTION |
| VERSUS | |
| SENTRY SELECT INSURANCE COMPANY, ET AL. | NO. 18-319-JWD-RLB |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5). The motion is opposed. (R. Doc. 9). Plaintiff has filed a Reply. (R. Doc. 12).

**I.   Background**

On or about November 9, 2017, Joseph E. London ("Plaintiff") filed the instant action in the 18th Judicial District Court, Iberville Parish, Louisiana, naming as defendants Sentry Insurance Company ("Sentry"), Stingray Logistics, Inc. ("Stingray"), Dale R. Whipkey, and GoAuto Insurance company ("GoAuto") (R. Doc. 1-3, "Petition"). Plaintiff alleges that on or about November 30, 2016, he was driving a 1998 Chevrolet Monti Carlo owned by Mr. Tyler Garrett when he was involved in a collision with a vehicle owned and operated by Mr. Whipkey. (Petition ¶ 3). Plaintiff alleges that Stingray is Mr. Whipkey's employer, and Sentry is Mr. Whipkey's liability insurer. (Petition ¶¶ 6-7). Plaintiff further alleges that GoAuto is Mr. Garrett's liability insurer, and that underlying policy held by Mr. Garrett provided uninsured/underinsured motorist ("UM") coverage on the vehicle driven by Plaintiff. (Petition ¶¶ 8-9).

On March 21, 2018, Sentry, Stingray, Mr. Whipkey, and GoAuto (collectively, the "Removing Defendants") filed a Notice of Removal asserting that the Court has diversity jurisdiction over this action. (R. Doc. 1 at 2). The Removing Defendants assert that GoAuto, a

1

non-diverse defendant, was improperly joined as a defendant for the following reasons: the GoAuto policy issued to Mr. Garrett (policy number 384122) lists an unrelated 2015 Chevrolet Camaro as the covered vehicle; the policy had been canceled for non-payment of premiums at the time of the collision; the policy was subject to a valid UM form rejecting coverage in conformity with La. R.S. 22:1295(1)(a)(ii); and Plaintiff was specifically excluded as a driver under the policy. (R. Doc. 1 at 4-5). The Removing Defendants submitted an affidavit by a GoAuto representative, Ms. Kim McCloud, and various documents, in support of the foregoing assertions. (R. Doc. 1-8).

The Removing Defendants further assert that removal was timely because they could first ascertain that the amount in controversy was satisfied on February 27, 2018 upon receipt of certain medical information. (R. Doc 1 at 6-9). The Removing Defendants submit various medical records in support of a finding that the amount in controversy requirement is satisfied. (R. Doc. 1-7).

On April 16, 2018, Plaintiff filed the instant Motion to Remand, asserting that the Court lacks diversity jurisdiction in light of the presence of GoAuto as a non-diverse defendant. (R. Doc. 5).

## II.     Arguments of the Parties

In support of remand, Plaintiff argues that GoAuto was not improperly joined as a defendant because the Petition "clearly states a cause of action against GoAuto under Louisiana law" and "the mere possibility that Mr. London may not prevail in his claim against GoAuto does not provide a basis for remand." (R. Doc. 5 at 6). While Plaintiff does not address any of the specific bases raised in the Notice of Removal in support of a finding of improper joinder,

Plaintiff asserts that the Removing Defendants have not met their burden of establishing improper joinder. (R. Doc. 5 at 6-7).

In opposition, the Removing Defendants assert that the Court should "pierce the pleadings" to reach the conclusion that GoAuto was improperly joined. (R. Doc. 9 at 4-6). As raised in the Notice of Removal, the Removing Defendants argue that Mr. Garrett rejected UM coverage under his GoAuto policy (policy number 384122) by validly executing a UM form rejecting coverage. (R. Doc. 9 at 6-8). The Removing Defendants further argue that the vehicle driven by Plaintiff was actually insured under a GoAuto policy (policy number 268158) issued to Plaintiff's spouse, Valencia London, and UM coverage was rejected under the policy. (R. Doc. 9 at 8-9). Finally, the Removing Defendants assert that Plaintiff was an excluded driver on policy number 384122 and that the policy was not in force at the time of the collision in light of non-payment of premiums. (R. Doc. 9 at 9).

In reply, Plaintiff argues that the Court should limit its analysis to the pleadings, and should not consider the additional evidence submitted by the Removing Defendants. (R. Doc. 12 at 1-2). Plaintiff further argues that the Removing Defendants have not established that Mr. Garrett validly rejected UM coverage. (R. Doc. 12 at 2-5).

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000,

3

exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).[1] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).

Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. However, where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that

---

[1] There is no dispute that the amount in controversy requirement is satisfied.

4

the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned, then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

Although the court has discretion regarding whether the parties may conduct jurisdictional discovery, the Fifth Circuit has signaled that such discretion should be limited to where the jurisdictional discovery is likely to identify "discrete and undisputed facts" that will summarily resolve the improper joinder issue:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Smallwood*, 385 F.3d at 573-74.  As examples of "discrete and undisputed facts" that could be identified through jurisdictional discovery, the Fifth Circuit offered: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12.  Furthermore, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction. . . ." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

      B.      **Analysis**

The Court finds it appropriate to pierce the pleadings in this action for the sole purpose of determining whether a relevant GoAuto policy provides UM coverage under the facts of this

5

case. *See Soto v. Sentry Select Ins. Co.*, No. 12-01431, 2012 WL 5363330 (E.D. La. Oct. 30, 2012) (piercing the pleadings to determine whether plaintiff executed a valid waiver of uninsured/underinsured motorist coverage); *Fincher v. White*, No. 09-01351, 2009 WL 3335944 (W.D. La. Oct. 14, 2009) (same).

The Removing Defendants have submitted discrete and undisputed evidence into the record indicating that the GoAuto policy issued to Mr. Garrett (policy number 384122) provided coverage for a 2015 Chevrolet Camaro, and not the 1998 Chevrolet Monte Carlo involved in the underlying collision. (R. Doc. 9-10 at 1-3, 6-35). Furthermore, this policy includes an executed Named Driver Exclusion Endorsement specifically providing that it does not provide coverage regarding any listed vehicle in the policy driven by Plaintiff. (R. Doc. 9-10 at 2, 12). Finally, Ms. McCloud represents in her affidavit that Mr. Garrett's policy was not in effect at the time of the collision in light of nonpayment of premiums. (R. Doc. 9-10 at 3). For the foregoing reasons, the Court concludes that Plaintiff has no possibility of recovery under the GoAuto policy issued to Mr. Garrett, which is the only GoAuto policy referenced in the Petition.

In his reply, Plaintiff also makes the misplaced argument that the rejection of UM coverage executed by Mr. Garrett is invalid. (R. Doc. 12 at 2-5). As discussed above, the GoAuto policy issued to Mr. Garrett (policy number 384122) is not relevant to the facts of this case. Although not raised by Plaintiff, the Court will consider whether UM coverage is available under the GoAuto policy issued to Mrs. London (policy number 268158).

The issuance of UM coverage in Louisiana is governed by La. R.S. 22:1296. While all automobile liability policies delivered or issued for delivery in Louisiana include UM coverage, "any insured named in the policy" may reject coverage or select lower limits. La. R.S.

6

22:1295(1)(a)(i). The validity of such a rejection is governed by La. R.S. 22:1295(1)(a)(ii), which provides, in relevant part, the following:

> Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. <u>A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage</u>.

La. R.S. 22:1295(1)(a)(ii) (emphasis added). The Louisiana Supreme Court has held that the UM coverage form issued by the commissioner or insurance "involves six tasks: (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date." *Duncan v. U.S.A.A. Ins. Co.*, 950 So. 2d 544, 551 (La. 2006). According to the Louisiana Supreme Court, any exclusion from coverage in an insurance policy must be clear and unmistakable. *See Duncan*, 950 So.2d at 547.

The only specific argument that Plaintiff makes with regard to the validity of any rejection of UM coverage is that the UM form executed by Mr. Garrett is invalid because it "contains the notation 'N.A.' on all blanks except for the blank for rejection of UM coverage." (R. Doc. 12 at 4) (citing R. Doc. 9-1). In support of this proposition, Plaintiff relies upon a Louisiana appellate court decision finding a waiver of UM coverage invalid where the evidence indicated that "a form which is pre-filled by the agent leaving the insured with no choice but to reject UM coverage is . . . deficient." *Johnson v. Government Employees Ins., Co.*, 980 So. 2d

7

870, 878 (La. App. 3rd Cir. 2008); *see also Higginbotham v. USAgencies Cas. Ins. Co., Inc.*, 247 So. 3d 916, 923 (La. App. 3rd Cir. 2018) (same).

While this argument may be applicable to the UM form executed by Mr. Garrett, the record indicates, as explained above, that the actual policy issued to Mr. Garrett (policy number 384122) is not relevant to the facts of this case.

Two UM forms were executed with regard to the policy issued to Mrs. London (policy number 268158). The first UM form was executed by Plaintiff on November 8, 2013. (R. Doc. 9-10 at 55). The second UM form was executed by Mrs. London on May 9, 2014. (R. Doc. 9-10 at 56). Neither of these forms contain the "N.A." notations that are found in the UM forms executed by Mr. Garrett. Furthermore, both of these forms satisfy the *Duncan* factors, as they both indicate that UM coverage is rejected, have printed names of the named insureds, are signed by the named insureds, contain the policy number, and the date of execution. Accordingly, even if Plaintiff had properly raised a claim against GoAuto with respect to the policy issued to Mrs. London, the uncontroverted evidence shows that Plaintiff and Mrs. London rejected UM coverage under that policy, and Plaintiff has no possibility of recovery for UM coverage under that policy. *See Soto*, 2012 WL 5363330 (denying motion to remand where plaintiff did not rebut presumption of valid waiver of UM coverage); *Fincher*, 2009 WL 3335944 (W.D. La. Oct. 14, 2009) (denying motion to remand where executed waiver of UM coverage "appears to comply with all of the requirements and would be upheld in a Louisiana court.").

In sum, the Removing Defendants have met their burden of establishing that Plaintiff has no possibility of recovery for UM coverage under any policy issued by GoAuto. Accordingly, the Court concludes that GoAuto is improperly joined as a defendant in this action, and its presence as a defendant does not destroy complete diversity.

**IV.**     **Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 3, 2018.

                                                                         _____
                                                                         **RICHARD L. BOURGEOIS, JR.**
                                                                         **UNITED STATES MAGISTRATE JUDGE**